JUDGE ENGELMAYER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

RAPAHEL M. PANTOJA,
RACHEL M. PANTOJA

INDEX NO.____

Plaintiff,

18 CV 11842

**VERIFIED BIVENS COMPLAINT**

-against-

Javier Enciso,

Defendants.

---------------------------------------------------------------X

Plaintiff(s) demand(s) a trial by: Jury

Plaintiff(s) in the above-captioned, allege(s) as follows:

**CAUSE**

The U.S. Supreme Court has created a cause of action for violations of the U.S. Constitution by persons acting under the color of federal law. The purpose of providing a remedy is to deter individual federal officers from committing constitutional violations. Therefore, an action is brought against the defendant, a federal probation officer in violation of the law, and any ensuing damages are payable by the offending federal officer named.

**PRELIMINIARY STATEMENT**

The offending federal probation officer, acting under the color of federal law in his personal and zealous pursuit to cause unwarranted incarceration, injury and damage to plaintiffs', family member ("witness"), has abused his office by significantly violating the plaintiffs' constitutional rights.

The instant *Bivens* action seeks monetary damages payable by the defendant individually and to further deter the offending federal officer from committing constitutional violations.

## AS AND FOR A FIRST COUNT

1. On August 30, 2018, without legitimate cause or legal justification, the defendant ("offending federal officer") confronted plaintiff in an intimidating manner outside of plaintiff's office building located at 315 Madison Avenue, New York, New York, and commenced subjecting plaintiff to an unlawful interrogation process including improper questioning . proximal interference, conspiratorial insinuations and coercive inference.

2. On August 30, 2018, without legitimate cause or legal justification, the offending federal officer declared to the witness that the defendant "would see to it" that an investigation commence against the plaintiff if the witness did not submit to the offending federal officer's demands and "provide the defendant with different locations that the witness's employment may take him, as well as paystubs from the witness's employer."

3. The offending federal officer's unlawful interrogation of the plaintiff was illegal per se, and the extortionate demands of the sort detailed in this complaint have resulted in an egregious and arbitrary investigation of the plaintiff by the offending federal officer, causing disparaging injury with his financial institution and real property holdings in the United States and has unlawfully interfered with the plaintiff's right to reside in the United States as a law -abiding citizen.

4. Based upon the foregoing, plaintiff demands a money judgement for compensatory, pecuniary and incidental damages payable by the offending officer in the sum of One Million ($1,000,000.00) Dollars for committing constitutional

violations under the 4th, 5th, 6th, 8th, 11th and 14th Amendments of the United States Constitution. Furthermore, plaintiff seeks punitive damages against the defendant.

## AS AND FOR A SECOND COUNT

5. On or about August 30, 2018, Co-plaintiff, a New York State Real Estate Broker, entered into a joint venture with Patin Design + Build, an architectural firm. Both parties being represented by counsel formed a new entity called "P Squared Development LLC" with offices located at 3 Columbus Circle, Suite 1612, New York, New York 10019.

6. On or about August 30, 2018, the offending federal officer verified the witness's employment by visiting the then Patin Design + Build office located at 315 Madison Avenue, Suite 3024. This on-site verification entailed the defendant meeting with Patin's president, Mr. Tyler Patin, and then offending federal officer's requested use of Mr. Patin's office to speak with witness whose employment he was verifying.

7. At that meeting on August 30, 2018 , without legitimate cause or legal justification, the offending federal officer declared to the witness that the defendant would commence an "investigation against your wife" (co-plaintiff) if the witness did not submit to the offending federal officer's demands and "provide the defendant with the different locations that the witness's employment may take him, as well as paystubs from the witness's employer."

8. On September 25, 2018, the offending federal officer, under color of federal law, travelled to and visited with the co-plaintiff's leasing and marketing manager (LMM") and suggested a criminal investigation of the co-plaintiff with implicating suggestions regarding the co-plaintiff's lease at 3CC under the joint venture entity ("P Squared" or "JV Entity")

9. Notably, the offending federal officer's unauthorized and retaliatory investigations of the co-plaintiff constitutes unlawful acts of gender-based discrimination simply because the co-plaintiff is a female NYS licensed real estate broker and not a male architect like Tyler Patin, with concomitant implications that the co-plaintiff cannot (or should not) negotiate and secure leased premises for the JV entity, or otherwise supervise employees for the JV entity.

10. Specifically, the offending federal officer admitted in writing on August 22, 2018 that an employment verification form submitted on behalf of P-Squared was valid and approved as long as the co-plaintiff is listed as a "supervisor" and not as owner.

11. On or about October 31, 2018, the offending federal officer's unauthorized and retaliatory investigations of the co-plaintiff has unlawfully interfered with and has disparaged her profession as a NYS real estate broker, and has deliberately, and with venal intent, disturbed her commercial quiet enjoyment of 3CC by the defendant's suggestions of a criminal investigation involving the co-plaintiff to the LMM on numerous occasions.

12. Even more egregious is the offending federal officer's gender-based discrimination against the co-plaintiff which motivated the defendant on December 4, 2018 to cause this Court to issue a subpoena on the LMM for "video surveillance", which the offending federal officer knew, or should have known, the LMM never possessed or can even obtain for production.

13. The offending federal officer's otiose subpoena demanding a video surveillance of the co-plaintiff's suite number #1612 at 3CC was generated solely to harass, annoy and embarrass the co-plaintiff, evidencing not only a gross abuse of process but evincing defendant's gender-based discriminatory conduct towards the co-plaintiff in violation of her constitutional rights.

14. Based upon the foregoing, plaintiff demands a money judgment for compensatory , pecuniary and incidental damages payable by the offending federal officer in the sum of One Million ($1,000,000.00) Dollars for committing constitutional violations; for interfering with the co-plaintiff's lawful business as a real estate broker licensed in the State of New York.; and for depriving the co-plaintiff her due process and equal protection rights under the U.S. Constitution. Furthermore, plaintiff seeks punitive damages against the defendant.

WHEREFORE, the plaintiffs demand a money judgment against the defendant as respectfully requested in this Bivens complaint, and for such other and further relief as the Court may deem just and proper.

I declare penalty of perjury that the foregoing is true and correct.

DATED: 10/17/18

Rachel Pantoja

Signature of Plaintiff(s)
(all Plaintiffs must sign)

**VERIFICATION**

I, RACHEL M. PANTOJA AM THE CO-PLAINTIFF IN THIS BIVENS ACTION; that I have read the Complaint and I know that the contents are true based upon personal knowledge except these matters based upon information and belief, and as to these matters I believe them to be true.

Rachel Pantoja

Rachel .M. Pantoja

SWORN TO BEFORE ME
THIS DAY OF 17 DECEMBER 2018

Notary Public

Deborah Liz Estrella
Notary Public, State of New York
Reg. No. 03ES6382996
Qualified in New York County
Commission Expires November 5, 2022